UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SARAH KELLEY, an individual.**

Plaintiff,

v.

**JABIL CIRCUIT, INC. a Foreign Profit Corporation**

Defendant.

Case No.: 2019 –         -

Honorable:
Magistrate:

_____/

**MEROUEH & HALLMAN, LLP**
Attorneys for Plaintiff
Zachary A. Hallman, P78327
Odey K. Meroueh, P76460
14339 Ford Rd., 2nd Floor
Dearborn, MI  48126
(313) 582-7469
zhallman@mhatlaw.com
okm@mhatlaw.com
_____/

**COMPLAINT AND JURY DEMAND**

Sarah Kelley ("PLAINTIFF"), by and through her attorneys, MEROUEH AND HALLMAN, LLP for her Complaint against Jabil Circuit, Inc. ("DEFENDANT"), states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Sarah Kelly is a resident of Troy, in the County of Oakland, State of Michigan.

2. This suit is brought under the jurisdiction of the Americans with Disabilities Act As Amended ("ADAAA").

1

3. Defendant operates throughout the State of Michigan, including in this instant district.

4. The events giving rise to this action occurred mostly in the City of Dearborn, Wayne County, Michigan.

5. At all relevant times, Plaintiff was an employee as defined by the ADAAA, with one or more disabilities as defined under the ADAAA.

6. At all relevant times, Defendant was an employer as defined by the ADAAA. 42 USC 12111(5)(A).

7. Plaintiff is a *person* within the meaning of §101(7) of the ADA, 42 USC 12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

9. Plaintiff began her employment with Defendant on or around January 3, 2017.

10. In or around April, 2017, she was promoted by Defendant to Material Handler 2.

11. Plaintiff has very serious and debilitating anxiety and post-traumatic stress disorder ("PTSD"), in addition to mixed connective tissue disease, fibromyalgia, psoriasis and psoriatic arthritis, all of which are conditions which are exacerbated by her anxiety and PTSD.

12. In or around August of 2017, Plaintiff's condition(s) was severely exacerbated for personal reasons, unrelated to her position with Defendant.

13. Plaintiff made her employer aware of the state of her condition, and of the situation surrounding the exacerbation of her condition, on numerous occasions during that time.

14. Per her supervisor Chris Stuhl's recommendation, Plaintiff applied for short-term disability leave and received approval for that leave, to begin on August 30, 2017 and to return on October 3, 2017.

15. Upon her return on or around October 3, 2017, Plaintiff was immediately moved to the shipping department with Defendant, in which her supervisor at all relative times was Kristy Webb.

16. In the beginning of November, 2017, Plaintiff began treating with Methotrexate for her conditions, taking injections once a week for six weeks, which at times prompted Plaintiff to become ill.

17. Plaintiff's conditions continued to worsen, without affect to her ability to perform her job with Defendant to an appropriate level.

18. In early February of 2018, Plaintiff's physician, Dr. Yoder, submitted paperwork for intermittent Family Medical Leave Act ("FMLA") for Plaintiff based on her condition, which Defendant approved.

19. Plaintiff was informed by her supervisor Kristy Webb that she was not permitted to have any contact with any employee or coworker inside or outside of Defendant's offices, because her condition was starting to become a distraction for other employees.

20. On or around March 7, 2018, Plaintiff attempted to talk to Mr. Stull, her former supervisor, who was at that time the Inventory Control Manager for Defendant, regarding some of the issues that she was having, believing that she was being unfairly targeted for discipline because of her condition.

21. Mr. Stull responded by becoming extremely and intimidatingly angry with Plaintiff, putting her in fear and prompting her to leave the room.

22. Later that same day, Plaintiff had a meeting scheduled with Defendant's human resources department at 3 p.m.

23. On her way to the meeting, Mr. Stull joined Plaintiff in the hallway, which was unexpected, and walked with Plaintiff to the meeting, in which Plaintiff was ultimately terminated.

## COUNT I - DISCRIMINATION/RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED

24. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

25. Plaintiff is a qualifying individual under the ADAAA.

26. Defendant is a qualifying employer under the ADAAA.

27. Plaintiff has several conditions which qualify her protections under the ADAAA.

28. Defendant terminated Plaintiff in contemplation of Plaintiff's conditions.

29. Defendant's refused to accommodate Plaintiff's multiple reasonable requests to accommodate her disability.

## COUNT II- DISCRIMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

30. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

31. Plaintiff is a qualified individual under the FMLA, by having a serious medical condition as defined by the FMLA and possessing such condition at all relevant times to the allegations in this Complaint.

32. Defendant employs more than fifty employees.

33. Plaintiff had been employed by Defendants for well over a year and had worked more than 1,250 hours in the year preceding the onset of her leave request in 2017.

34. After approving Plaintiff initially for FMLA leave to treat her condition, Defendant failed to live up to its burden under the FMLA of providing leave to a qualifying employee with a serious medical condition, terminating her employment instead.

35. Defendants retaliated against Plaintiff for taking FMLA leave by denying her accommodations necessary for her disability, harassment, and ultimately, termination.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

a. An award of damages, which includes, but is not limited to back pay, front pay, lost wages, lost employee benefits, attorney fees and costs, and compensatory damages, and an appropriate award of interest;

b. Liquidated damages where appropriate;

c. All damages and other relief afforded by law;

d. An award of punitive damages where appropriate in an amount to be proven at trial;

e. Attorneys' fees and costs as provided by law; and

f. Such other further relief as the Court may deem just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BY: /s/ *Zachary A. Hallman* |
|  | ZACHARY A. HALLMAN (P78327) |
|  | Attorney for Plaintiff |
|  | 14339 Ford Rd., 2nd Floor |
| DATED: 3/1/2019 | Dearborn, MI 48309 |
|  | (313) 582-7469 |

## **DEMAND FOR JURY TRIAL**

Sarah Kelley ("PLAINTIFF"), by and through her attorneys, Meroueh & Hallman, LLP, hereby makes a demand for a jury trial in this matter.

Respectfully submitted, Meroueh & Hallman, LLP

Dated: March 1, 2019

BY: /s/ *Zachary A. Hallman*
ZACHARY A. HALLMAN (P78327)
Attorney for Plaintiff 14339
Ford Rd., 2nd Floor
Dearborn, MI 48309
(313) 582-7469